Joshua M. Bonnici, Esq. [SBN 281560]
**BONNICI LAW GROUP, APC**
1620 Fifth Avenue, Suite 625
San Diego, California 92101
Tel:	(619) 259-5199
Email:	josh@bonnicilawgroup.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELANIE CARTER, an Individual; <br><br> Plaintiff, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation; <br><br> Defendants. | Case No. **'23CV0422 LAB BGS** <br><br> **COMPLAINT FOR DISABILITY BENEFITS UNDER E.R.I.S.A.** <br><br> 29 U.S. Code Section 1132(a)(1)(B) |

**Plaintiff MELANIE CARTER alleges as follows:**

1.   At all times relevant herein, Plaintiff, MELANIE CARTER, was an individual residing in San Diego, California.

2.   Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA is a corporation licensed to do business in the State of California, with a principal place of business in the state of Pennsylvania, located at: 1601 Chesnutt St, TL14A, Philadelphia, PA 19192.

3. The Policy and the claim at issue in this action are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S. Code Section 1001, et. seq.

4. Jurisdiction is proper pursuant to federal question under 28 U.S.C. 1331.

5. Venue is proper pursuant to 28 U.S.C 1391, in that a substantial portion of the claim arouse out of the Southern District of California.

6. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA sponsored a long-term disability policy ("The Policy") which was provided to Plaintiff MELANIE CARTER.

7. Plaintiff became employed by Quest Diagnostics, Inc., and through her benefits of employment obtained a long-term disability benefit administrated by Defendant.

8. At some time during her employment with Defendant, Plaintiff became disabled within the definition of The Policy (specifically policy number FLK-980031), and soon thereafter, and in a timely fashion, made a claim for benefits under The Policy.

9. After receiving long-term disability benefits for several years, Plaintiff's claim for ongoing long-term disability benefits was denied on February 9, 2022. Plaintiff elected to file an administrative appeal with Defendant, which was again denied. Plaintiff remains disabled as defined by The Policy to this date, and continues to be eligible for long-term disability under The Policy.

10. Plaintiff made a timely administrative appeal of the original denial, in a letter dated September 7, 2022. The administrative appeal was approved for benefits from February 10, 2022 through May 6, 2022, but future benefits were denied in a letter dated December 30, 2022.

11. Plaintiff submitted additional evidence for reconsideration of denied benefits from May 7, 2022 to the present on January 6, 2023. Defendant failed to respond to Plaintiff's appeal in a timely fashion, as required by 29 C.F.R. § 2560.503-1(i)(1)(i)(3), thus denying her benefits.

/ / / /

/ / / /

/ / / /

**WHEREFORE**, Plaintiff prays for a judgment from the Court as follows:

1. Declaring that Plaintiff is covered for past and ongoing long-term disability benefits under The Policy;
2. For past-due benefits through the date of filing, and additional benefits accumulating at the same monthly rate;
3. For interest on the past-due benefits;
4. For reasonable attorney's fees;
5. For costs of suit herein; and
6. For such other relief as the Court deems proper.

DATED: March 8, 2023          **BONNICI LAW GROUP, APC**

By:  /s/ Joshua M. Bonnici
     Joshua M. Bonnici
     Attorney for Plaintiff
     MELANIE CARTER

**Complaint for Disability Benefits Under ERISA**
*Carter v. Life Insurance Company of North America*